UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR06-294-MJP |
| | ) | CR06-459-MJP |
| Plaintiff, | ) | CR06-465-MJP |
| | ) | |
| v. | ) | |
| | ) | SUMMARY REPORT OF U.S. |
| CHRISTOPHER SHAUN WEBB, | ) | MAGISTRATE JUDGE AS TO |
| | ) | ALLEGED VIOLATIONS |
| Defendant. | ) | OF SUPERVISED RELEASE |
| | ) | |

An initial hearing on supervised release revocation in this case was scheduled before me on August 26, 2010. The United States was represented by AUSA Steven Masada and the defendant by Jennifer Wellman. The proceedings were digitally recorded.

Defendant had been sentenced on or about April 27, 2007 by the Honorable Marsha J. Pechman on 4 charges of Bank Robbery, and sentenced to 51 months custody, 3 years supervised release. (Dkt. 29) The sentence was ordered to run concurrently with those imposed in CR06-459 (Dkt. 15) and CR06-465 (Dkt. 14.), each for one count of Bank Robbery.

The conditions of supervised release included the standard conditions plus the requirements that defendant be prohibited from consuming alcohol and from entering any

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE -1

establishment where alcohol is the primary commodity for sale, participate in alcohol and substance abuse treatment and testing, submit to search, participate in a mental health program, pay restitution in the amount of $31,247, $2,110, and $8,995 respectively, provide his probation officer with financial information as requested, and be prohibited from incurring new credit charges or opening new lines of credit without permission.

On March 24, 2010, the conditions of supervision were modified to require defendant to reside in and satisfactorily complete a residential reentry center program for up to 120 days. (CR06-294, Dkt. 15.)  On June 15, 2010, defendant admitted violating the conditions of supervised release by absconding from the program on or about June 7, 2010. (Dkt. 19.) Defendant was sentenced to time served followed by 34 months supervised release. (Dkt. 27.)

The conditions of supervision were modified on August 13, 2010 to place defendant in a residential reentry center program for up to 90 days. (Dkt. 28.)

In an application dated August 23, 2010 (Dkt. 29, 30), U.S. Probation Officer Mark J. Chance alleged the following violations of the conditions of supervised release:

1. Failing to reside in and satisfactorily participate in a residential reentry center program, by absconding from the program on or about August 21, 2010, in violation of an order modifying supervised release.

2. Using heroin on or before August 2, 2010, in violation of standard condition No. 7.

Defendant was advised in full as to those charges and as to his constitutional rights.

Defendant admitted the alleged violations and waived any evidentiary hearing as to whether they occurred.

01    I therefore recommend the Court find defendant violated his supervised release as alleged,
02 and that the Court conduct a hearing limited to the issue of disposition. The next hearing will be
03 set before Judge Pechman.

04    Pending a final determination by the Court, defendant has been detained.

05    DATED this 26th day of August, 2010.

06
07                                                     *[signature]*
                                                       Mary Alice Theiler
                                                       United States Magistrate Judge
08
09
10  cc:    District Judge:         Honorable Marsha J. Pechman
           AUSA:                   Steven Masada
11         Defendant's attorney:   Jennifer Wellman
           Probation officer:      Mark J. Chance
12
13
14
15
16
17
18
19
20
21
22

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE -3